## No. 11,002.

### HAYKO v. COLORADO & UTAH COAL COMPANY.

Decided April 6, 1925.

Action for personal injuries. Judgment for defendant.

### *Affirmed.*

1. NEGLIGENCE—*Dangerous Premises.* There is no general legal duty either to children or adults who enter without invitation, to keep dangerous things from one's land, or to use care about them.

2.      *Turntable Case—Trespass.* As a matter of law, a mining shack which was entered by a child who was injured by the explosion of a dynamite cap found therein, is not an attractive nuisance rendering the owner liable for resulting personal injuries.

3.      *Attractive Nuisance.* To constitute an attractive nuisance, the agency must invite to trespass and not merely after the trespass. It must be an unusual thing, unusually and extraordinarily attractive, not an ordinary matter.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Hersey, Judge.*

Mr. JACOB J. LIEBERMAN, Mr. CHARLES ROSENBAUM, for plaintiff in error.

Messrs. DINES, DINES & HOLME, Mr. ROBERT E. MORE, Mr. MILTON J. KEEGAN, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

IN an action by Hayko for personal injuries the court directed a verdict for the defendant company and he brings error.

The plaintiff, a boy in his tenth year, with a playmate of about the same age, entered an open rough board shack, say 12 feet square, of the defendant on its premises, and abstracted therefrom a box of dynamite caps. The plaintiff tried to pick out the contents of one of them with a pin. It exploded and blew off parts of several fingers. The back of the shack but not the open door could be seen from near by, where people usually passed.

Two points are made for plaintiff: That the shack and caps were an attractive nuisance, and that, regardless of that, it was negligent anyhow to keep the caps where children could get them. It is, of course, claimed that upon either of these propositions the question is one of fact and not of law and so for the jury and not for the court.

Taking up the second proposition first: We know of no general legal duty either to children or adults who enter without invitation, express or implied, to keep dangerous things from one's land or to use care about them, and yet plaintiff's argument premises such a duty. It may be conceded, as far as this point is concerned, that I may not wilfully set a trap, e. g., a spring gun, that I owe a duty of care so as not to entrap one whom I have impliedly invited, as by a walk and steps built up to my front door, or a child whom I have tempted to trespass, and that what would not be a trap to an older person would be to a very young one, but these points do not reach the plaintiff's proposition and we do not assent to it.

Upon the first proposition: It is argued that the shack and the box of caps were, under the doctrine of the so-called "turn-table cases," an "attractive nuisance," to maintain which, even on one's own premises, was negligence; that plaintiff was a child, was attracted by them, was injured in consequence and so is entitled to damages.

The defendant makes several answers, one of them, which we think is sufficient, may be stated thus: The plaintiff was a trespasser to whom there was owing no duty unless under the attractive nuisance doctrine; that the negligence under said doctrine consists in maintaining an attraction which entices to trespass, not merely entices one after he has become a trespasser; that plaintiff could not see the box of caps till he had trespassed; that therefore the caps cannot be classed as the attraction; that the attractive agency must be an unusual thing, of unusual attraction, not an ordinary thing, and that the shack was usual and ordinary and so, as a matter of law, cannot be considered as an attraction to trespass.

This reasoning is sound and supported by the highest authority. In the original turntable case (*R. R. Co. v. Stout*, 17 Wall. 657, 21 L. Ed. 745), the counsel for the company deliberately rested his case on the one proposition that his client was not negligent, and the question of trespass was not mentioned. In *United Zinc Co. v. Britt,*

258 U. S. 268, 42 Sup. Ct. 299, 66 L. Ed. 615, the same
court greatly modified the rule developed from the Stout
Case, if, indeed, in the chaos of attempts to formulate a
statement of it, there can be said to be any rule estab-
lished by the decisions in which courts have tried to fol-
low the original case. Courts have said and held that it
is negligent to maintain on one's own premises any agency
that is dangerous and attractive to children. This propo-
sition has been condemned by some courts and even ridi-
culed. *Ryan v. Towar,* 128 Mich. 463, 87 N. W. 644, 55 L.
R. A. 310, 92 Am. St. Rep. 481; *Kelly v. Benas,* 217 Mo. 1,
116 S. W. 557, 20 L. R. A. (N. S.) 903. It leads to such
absurdities that it is easy to ridicule it; for example, an
apple tree bearing green apples is such an agency. It will
not do to say that every attractive thing is sufficient to
charge a defendant with negligence in enticing children to
trespass, because there is nothing that can be said not to
be attractive to a child. In the Britt Case it was held that
the attraction must have operated on the child before he
trespassed; so the attraction of the caps is irrelevant. See
also *McDermott v. Burke,* 256 Ill. 401, 100 N. E. 168; *St.
Louis etc., R. R. Co. v. Bell,* 81 Ill. 76, 25 Am. Rep. 269;
*Hardy v. Mo. Pac. R. R. Co.,* 266 Fed. 860; *Troglia v.
Butte etc. Co.,* 270 Fed. 75. The attraction must be un-
usual (*United Zinc Co. v. Britt, supra; Kelly v. Benas, su-
pra*), and we think that, as a matter of law, a shack in a
mining camp is not an unusual attraction. *San Antonio
etc., Co. v. Morgan,* 92 Tex. 98, 46 S. W. 28; *Tomlinson v.
Vicksburg etc., Ry. Co.,* 143 La. 642, 79 So. 174.

There are other points in defendant's brief which might
justify the direction of the verdict, but we prefer to rest
our decision upon the grounds above discussed, viz. the
owner of land owes no duty to a mere trespasser, young
or old. While he owes a duty to one invited, and some
attractive agencies may amount to an invitation to a child,
yet such an agency must invite to trespass and not merely
after trespass, and must be an unusual thing, unusually,
extraordinarily attractive, not an ordinary matter like a

pile of lumber or of bricks (*Kelly v. Benas, supra*), or a railway station (*Ling v. Great Northern Ry. Co.*, 165 Fed. 813), or a stable (*Giannini v. Campodonico*, 176 Cal. 548, 169 Pac. 80), or a pile of cross-ties (*Tomlinson v. Vicksburg etc., Ry. Co., supra*), or an apple tree or a shack in a coal camp.

The case of *Tramway v. Nicholas* does not conflict with this decision because the attraction, viz. street railway motor cars, was in the street and not on defendant's premises; therefore the question of an attraction on defendant's own premises was not in the case and could not be decided, and the attraction was effective from the street where plaintiff had a right to be. In *Public Service Co. v. Petty*, 75 Colo. 454, 226 Pac. 297, and *Pueblo etc., Co. v. Sherman*, 25 Colo. 114, 53 Pac. 322, 71 Am. St. Rep. 116, the child was not a trespasser.

Judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.