No. 20,093.
EDWARD LEVI STALEY, ET AL., *v.* SECURITY ATHLETIC
ASSOCIATION.
(380 P. [2d] 53)

Decided March 25, 1963.

Mr. ROBERT E. MCLEAN, Mrs. MARJORIE WORLAND MC-
LEAN, Mr. JACK K. AGEE, Mr. BENJAMIN W. FANN, for
plaintiffs in error.

Messrs. MURRAY, BAKER and WENDELKEN, Mr. GERALD
W. BENNETT, for defendant in error.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

THE parties appear here as in the trial court. We refer to plaintiffs in error as the plaintiffs or the parents, and to the defendant in error as the defendant.

In this action plaintiffs sought to recover damages for the alleged wrongful death by drowning of their four-year-old son, Edward.

In 1958 the defendant, a non-profit corporation, organized for the purpose of providing swimming and other recreation facilities for its members consisting of some one hundred and eighty families of the community, constructed a swimming pool in Security Village, El Paso County, Colorado. The pool was thirty feet by sixty feet and the pool area one hundred feet by one hundred and fifty feet. The pool area was enclosed by a chain-link fence, six feet high, and with a three-strand barbed wire apron at the top extending at an angle of about forty-five degrees away from the pool.

There was only one gate for pedestrians leading to and from the pool area; it was six feet high, conforming to the balance of the fence, except the three strands of barbed wire on top were perpendicular instead of at an angle.

The pool had been closed for the 1960 season prior to October. It had not been drained for the reason that it was of a construction type requiring it be filled at all times.

On October 11, 1960, the pool area was enclosed as above outlined and the gate was locked. The bottom of the gate was about eight inches above the center of the somewhat concave pedestrian dirt path leading to and from the pool.

On October 11, 1960, at about 12:30 P.M., the bodies of Edward and a four-year-old neighboring playmate were found in the deep end of the pool. They had died from drowning.

Much of the testimony dealt with the question as to how the boys may have gained access to the pool area, the plaintiffs contending that access must have been

gained by crawling under the gate. A review of the record does not serve to eliminate the element of mystery surrounding their means of gaining entrance to the pool area. In any event they did gain entrance thereto and for four-year-old boys to have gone under or over the gate was an achievement that could not have been reasonably anticipated.

■ The law is well settled in Colorado that a landowner owes no duty to make or keep his premises safe for trespassers.

" * * * The owner of premises is liable for injuries resulting from active negligence to trespassers whose presence is known or, in the exercise of care, ought to be known." *Krause v. Watson Bros.,* 119 Colo. 73, 200 P. (2d) 387.

Counsel for plaintiffs recognize this rule, but contend that the pool, located in a populous area, near a highway or street, constituted an attractive nuisance, and that under the doctrine of attractive nuisance the defendant was answerable in damages for Edward's death.

At the completion of testimony of both plaintiffs and defendant, the trial court, on motion of defendant, instructed the jury to return a verdict for defendant, and after denying a motion for new trial entered judgment accordingly.

Plaintiffs seek reversal and urge as reasons therefor that the trial court erred in:

1. Granting defendant's motion for a directed verdict in its favor.

2. Denying plaintiffs' motion for a directed verdict in plaintiffs' favor, leaving for consideration of the jury only the question of the amount of damages to be awarded.

■ Colorado has given recognition to the attractive nuisance doctrine and has applied the same in certain factual situations as to enable a trespassing child to recover for injuries suffered while occupying such position.

In *Kopplekom v. Colo. Cement Pipe Co.*, 16 C. A. 274, 64 Pac. 1047, in which a child "too young to realize the danger" was killed while playing with other children in rolling heavy pipes on an open and unguarded lot.

*Denver City Tram. Co. v. Nicholas*, 35 Colo. 462, 84 Pac. 813, a case in which a boy under the age of thirteen years, in playing with the trolley on some parked streetcars caused them to move and suffered injuries.

*Public Service Co. v. Petty*, 75 Colo. 454, 226 Pac. 297, in which an eighteen months old child put its hand in some unguarded machinery and was injured.

*Simkins v. Dowis*, 100 Colo. 355, 67 P. (2d) 627, where it was held that a merry-go-round was an attractive nuisance and that an eight-year-old trespassing boy might recover damages for injuries sustained on the merry-go-round.

Other cases under different facts deny liability on the ground that the agency or object alleged to be an attraction is not an unusual thing or an unusual attraction, and in such cases trespassers must take the premises as they find them and cannot recover from the landowner.

In *Hayko v. Colorado and Utah Coal Co.*, 77 Colo. 143, 235 Pac. 373, a nine-year-old boy trespassed on the defendant's lands and entered a rough board shack, visible from where pedestrians usually passed, and found in the shack some dynamite caps. In an effort to remove the contents from the container the cap exploded, injuring the boy. In affirming the action of the trial court in directing a verdict for the defendant, this court said:

" * * * we prefer to rest our decision upon the grounds above discussed, viz. the owner of land owes no duty to a mere trespasser, young or old. While he owes a duty to one invited, and some attractive agencies may amount to an invitation to a child, yet such an agency must invite to trespass and not merely after trespass, and must be an unusual thing, unusually, ex-

traordinarily attractive, not an ordinary matter like a pile of lumber or of bricks (*Kelly v. Benas, supra*), or a railway station (*Ling v. Great Northern Ry. Co.,* 165 Fed. 813), or a stable (*Giannini v. Campodonico,* 176 Cal. 548, 169 Pac. 80), or a pile of cross-ties (*Tomlinson v. Vicksburg etc., Ry Co., supra*), or an apple tree or a shack in a coal camp."

In *Esquibel v. Denver,* 112 Colo. 546, 151 P. (2d) 757, on eleven-year-old girl sought damages for injuries suffered while playing on unfenced lots where old automobile bodies and parts had been piled in an unstable heap. Prior to the time the automobile parts were placed on the lots, children in the neighborhood, including this girl, had been using the lots as a playground. While climbing over these car bodies one turned and injured the girl. The trial court directed a verdict for defendants. On review we affirmed. It was there said:

"In the summation of the very extended note in 36 A.L.R. on the subject of attractive nuisances, we find, at page 294, this paragraph: 'In the second place, the danger to be guarded against must be one which is not common and obvious. The property owner has the right to expect that the natural guardians of children who are too young to understand and avoid ordinary dangers will keep such children away from them, or not allow the children to encounter them unless properly accompanied. Hence, he is not bound to anticipate their presence and make provision for their safety." * * * .

"In the instant case the nuisance * * * was common and not extraordinarily attractive. The danger was obvious and not latent — in fact so apparent, that the father of plaintiff had warned her, as well as the other neighborhood children, concerning it. * * * ."

In *Phipps v. Mitze,* 116 Colo. 288, 180 P. (2d) 233, a nine-year-old boy was drowned in an artificial pond located on defendant's lands. The boy and his eleven-year-old sister, together with other children, were on a

hike, trespassing on defendant's unfenced lands, when they came upon two pools. The boy and his sister, though they had previously been warned by their parents "to stay out of all bodies of water," waded into the larger pool and had a stick with which they measured the depth of the water in front of them. They reached a point where the stick held in front of them indicated the water was too deep to proceed; they discussed the advisability of proceeding and the girl declined to go further, but the boy went ahead and stepped off of a ledge into water over his head and drowned. On trial the court directed a verdict for the defendant, and on review that action was approved and the judgment affirmed. There the court said:

" 'Ponds, pools, lakes, streams, and other waters embody perils that are deemed to be obvious to children of tender years; and as a general proposition no liability attaches to the proprietor by reason of death resulting therefrom to children who have come upon the land to bathe, skate or play.' 20 R.C.L., p. 96, §85.

"Because the danger was apparent rather than latent, and also because the minor involved had been warned of the danger, the present case is somewhat analogous to *Esquibel v. City and County of Denver,* 112 Colo. 546, 151 P. (2d) 757, where we affirmed the judgment of the trial court denying recovery for injuries sustained by a minor while playing on junked automobile bodies which had been placed on lots belonging to the City and County of Denver. See, also, *Hayko v. Colorado & Utah Coal Co.,* 77 Colo. 143, 235 Pac. 373; 39 A.L.R. 482."

▮▮ Though the trial judge did not state his reasons for directing a verdict, we observe two good reasons for so doing. First, there was no evidence of lack of due care on the part of the defendant. The defendant made every reasonable effort to keep people out of the pool area by proper fencing. It was not obliged to erect and maintain an impenetrable wall around the area or to

make it boy proof. Second, the doctrine of attractive nuisance does not apply to the facts as disclosed by the record before us.

The judgment is affirmed.

MR. CHIEF JUSTICE FRANTZ and MR. JUSTICE PRINGLE concur in the result.

MR. JUSTICE MOORE not participating.