No. 20814.

ORIE E. HUSSER *v.* SCHOOL DISTRICT No. 11
IN EL PASO COUNTY, STATE OF COLORADO, ET AL.
(413 P.2d 906)

Decided April 25, 1966.     Rehearing denied May 23, 1966.

EDWIN STRAND, OTTO K. HILBERT, for plaintiff in error.

MURRAY, BAKER and WENDELKEN, for defendant in error School District No. 11 in the County of El Paso and State of Colorado.

RECTOR and KANE, for defendant in error William H. Preston.

*In Department.*

Opinion by MR. JUSTICE FRANTZ.

HUSSER sued the School District and Preston for damages for personal injuries which, he alleged, resulted from the negligence of the defendants. Besides the general issue, the defendants pled affirmative defenses of contributory negligence, assumption of risk, and unavoidable accident.

At the conclusion of the evidence, the defendants moved for a directed verdict, and the trial court, in granting the motion, stated:

"The Court orders a verdict in favor of the defendant, William Preston, for the reason no negligence is shown on his part for the reason he owed no duty to the plaintiff. It also follows then that the Court directs a verdict in favor of School District No. 11. Inasmuch as this is a ruling upon the law and not upon the facts the Court would declare that this is a final order, and that it is not necessary for the plaintiff to file any motion for new trials or rehearings . . ."

The undisputed facts show that Husser was the owner and operator of a florist shop with his wife as co-partner. On the 29th of November, 1959 — a bright fall Sunday — Husser, in response to an order previously placed with his shop, delivered two floral displays to the district's new high school auditorium in Colorado Springs for the dedication ceremony which was to take place on that day. Husser attempted to enter the building but found the door locked. After a short time, defendant Preston, principal of the school, appeared from inside the building and bade him enter. Husser then proceeded to water the displays in the foyer and prepare them for placement.

At this point the testimony becomes conflicting.

Husser testified that Preston told him the building was so new he did not know where to turn on the lights in the auditorium. Preston denied this, and said that he told Husser to leave the displays in the foyer but that Husser insisted on putting them on the stage. Preston

did agree, however, that he undertook to lead Husser to the stage and that, upon their arrival, he, Preston, stepped aside and allowed Husser to go past him and a rostrum in the center of the stage. At this point, Husser, in pivoting and shifting his weight to his side and back, fell into the orchestra pit.

In his testimony, Husser stated that the auditorium was dark, but that there was some light coming from aisle chair lamps and from what he termed a skylight or an overhead artificial light on the stage. He testified that he could see the stage as he approached it down the center aisle, and that he could also see the rostrum in the center of the stage, but that he could not and did not see the orchestra pit once he was upon the stage.

Was Husser, under the circumstances, an invitee, as he contended, or a licensee, as contended by the defendants?

██ An owner's duty of care varies according to the relationship he bears to the person on his premises. Where the latter's status is equivocal by reason of conflicting evidence and the legitimate inferences which may be drawn therefrom, it becomes the duty of the jury to determine whether he is an invitee or a licensee. *Perl v. Cohodas, Peterson, Paoli, Nast Co.*, 295 Mich. 325, 294 N.W. 697; *Skerl v. Willow Creek Coal Co.*, 92 Utah 474, 69 P.2d 502; 65 C.J.S. § 272; cf. *Rocky Mountain Fuel Co. v. Tucker*, 72 Colo. 308, 211 Pac. 383.

█ In the consideration of a motion for directed verdict, the trial court ought to consider the evidence and legitimate inferences to be drawn therefrom in the light most favorable to the party opposing the motion. And this obligation of the trial court applies to the evidence and inferences concerning the relationship between Husser and the defendants.

██ It is axiomatic that the party who moves for a directed verdict admits, for the purpose of testing the motion, the truth of all evidence (and inferences to be drawn therefrom) favorable to his adversary. *Parker*

*v. City and County Denver*, 128 Colo. 355, 262 P.2d 553. Thus tested, the motion for directed verdict here should have been denied, for testimony such as the following made such motion unavailing because, taken as true, it established Husser as an invitee.

The plaintiff testified in part as follows:

"Question: On that day did you go to Wasson High School?

"Answer: I did.

"Question: Why?

"Answer: We had orders for two floral arrangements to be placed upon the stage of the auditorium for the dedication.

"Question: And you said, I believe, that they were to be placed on the stage of the Wasson High School, was that part of the order that they were to be on the stage?

"Answer: Certainly, they indicated what they would be used for, and it is our purpose to deliver them to the destination for the purpose for which they are intended, yes.

"Question: The order that you received — did it designate a specific location in Wasson High School for the floral arrangements?

"Answer: Yes, I guess I would say that it did. It was indicated it was for the dedication and was to be placed upon the stage of the auditorium."

■ An invitee is one who comes upon the premises of another to transact business in which the parties are mutually interested. *Mathias v. Denver Union Terminal Railway Co.*, 137 Colo. 224, 323 P.2d 624. To him the inviter owes the duty of protecting him against known dangers or those which the inviter might have discovered in the exercise of reasonable care. *Drake v. Lerner Shops of Colorado*, 145 Colo. 1, 357 P.2d 624.

■ In the case of a licensee, the advantage is unilateral; he goes upon the premises for his own convenience or to advance his own interest, pursuant to the

permission or consent of the owner. *Gotch v. K. & B. Pack. & Pro. Co.*, 93 Colo. 276, 25 P.2d 719, 89 A.L.R. 753; *Mathias v. Denver Union Terminal Railway Co., supra.* "Ordinarily, the owner of premises owes the licensee the duty of not wilfully or wantonly injuring him." Idem.

The evidence shows that Husser was initially upon the premises at the invitation of the defendants. Husser contends that he was an invitee throughout, that those duties owed to an invitee continued to the point of his fall; defendants contend that the initial relationship was broken by reason of Husser's refusal to leave the displays in the foyer and that he became thereafter a licensee.

■ Would all reasonable men arrive at the same conclusion in evaluating the evidence concerning Husser's status? This is the test by which the propriety of the directed verdict must be determined. It is obvious from the circumstances of this case that an affirmative answer cannot be given to the question. A factual question, therefore, remained to be determined.

■ It is also argued that the direction of verdict was proper for another reason: the absence of proof of negligence on the part of the defendants. This, again, requires a consideration of that evidence in the record most favorable to Husser. *Parker v. City and County of Denver, supra.* If there is, from such perspective, some competent evidence which, in itself, or from permissible inferences to be drawn from it, tends to establish negligence on the part of the defendants, the court should deny the motion.

■ We have read the record. From it we notice certain evidence (strongly controverted, it is true) from which a jury might justifiably find that defendants were negligent. A case thus circumstanced calls for jury resolution.

We hold that the lower court was in error in directing the verdict as it did. The judgment is reversed for

another trial, to be conducted consistent with the views herein expressed.

MR. CHIEF JUSTICE SUTTON and MR. JUSTICE SCHAUER concur.