## No. 21161.

HOWARD JAMES GAREL, BY GEORGE A. GAREL, HIS NEXT FRIEND, AND GEORGE A. GAREL *v.* JEWISH COMMUNITY CENTERS OF DENVER, A NON-PROFIT COLORADO CORPORATION, AND THE MELLWIN CONSTRUCTION CORPORATION, A COLORADO CORPORATION.
(428 P.2d 714)

Decided June 12, 1967.    Rehearing denied July 3, 1967.

LAWRENCE LITVAK, for plaintiffs in error.

DUANE O. LITTELL, for defendants in error.

*En Banc.*

Mr. Chief Justice Moore delivered the opinion of the Court.

The plaintiff in error, Howard James Garel, was ten years of age when the above captioned case was filed. He sought to recover damages for personal injuries which resulted from a fall from an unguarded landing in an unfinished building under construction by The Mellwin Construction Corporation on real estate owned by the Jewish Community Centers of Denver. The boy's father also asserted a claim for damages allegedly sustained by him as a result of his son's accident.

At the conclusion of the testimony offered by the plaintiffs, the defendants moved for a dismissal of the action on the ground that no prima facie case of actionable negligence on their part had been shown. The trial court sustained the motion and dismissed the action. The sole question for determination is whether there was competent evidence tending to prove that the injuries sustained by the boy were proximately caused by negligence of the defendants, or either of them. We have read the record and now hold that under well established principles of law the trial court did not err in dismissing the action.

The trial court in ordering the dismissal commented as follows:

"The plaintiff in this case was a trespasser; there can be no question about it. He was there without right. I think the fact that he was there contrary to and over the inhibition of his parents, is in itself unimportant, but under the circumstances the defendants owed no duty whatever to the plaintiffs in this case, except the duty which is mentioned and commented upon by Judge Dennison in the Hayko case, namely to refrain from anything which is in and of itself conducive to harm and injury to somebody else."

The Hayko case to which reference was made is entitled *Hayko v. Colorado & Utah Coal Company*, 77 Colo. 143, 235 P.373. The evidence in the instant case fails to meet the tests laid down by this court in that decision, which has been consistently followed in subsequent decisions. *The Denver Tramway Corporation v. Garcia,* 154 Colo. 417, 390 P.2d 952; *Staley v. Security Athletic Association*, 152 Colo. 19, 380 P.2d 53; *Parrish v. Hainlen,* 124 Colo. 229, 236 P.2d 115; and *Esquibel v. City and County of Denver*, 112 Colo. 546, 151 P.2d 757.

The action of the plaintiffs in the instant case is based on the theory that a building in the course of construction is an "attractive nuisance" and that the doctrine of the "turn-table" cases applies. For reasons set forth in the cases above cited the "attractive nuisance" doctrine is inapplicable to the undisputed facts in this case.

The judgment is affirmed.

MR. JUSTICE PRINGLE not participating.