No. 13,485.

DUNBAR v. OLIVIERI.
(50 P. [2d] 64)

Decided September 23, 1935.

Mr. OMAR E. GARWOOD, Mr. MILTON C. GARWOOD, Mr. GEORGE O. MARRS, for plaintiff in error.

Mr. JOHN E. NELSON, Mr. ALBERT E. SHERLOCK, Mr. FRANCIS KIDNEIGH, for defendant in error.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

DONALD Dunbar, a nine-year-old boy, brought an action by his mother as next friend, to recover from the defendant in error, Olivieri, damages for injuries claimed to be due to negligence. Error is assigned on a judgment of nonsuit entered in the district court.

The complaint alleges, as a first cause of action, that on February 19, 1933, between 11:30 a. m. and 12:30 p. m., the defendant unlawfully, negligently and carelessly burned and maintained a bonfire at a place on an open lot readily accessible to children of tender years, contrary to section 804 of the Denver Municipal Code, which says: "It shall be unlawful to burn bonfires or rubbish except between the hours of 4 and 8:30 in the afternoon of any day"; that about 11:00 a. m. of said day the plaintiff was exposed to, and came in contact with, said fire, and his clothing then and there caught fire and severely burned the plaintiff, particularly on his chest and abdomen, necessitating hospital treatment, and rendering him a permanent and incurable cripple and caus-

ing great pain. As a second cause of action, the complaint alleges the foregoing and, in addition, that the fire was an attractive nuisance calculated and likely to attract young children, to watch the same, and the plaintiff was attracted thereto and watched the fire and was burned thereby as stated, to his damage.

The plaintiff must therefore recover—if at all—by showing either that the ordinance violation did, as counsel contend, constitute negligence per se and was in the legal sense the cause of his injury, or else that the attractive-nuisance doctrine is properly applicable to the case.

In support of the proposition that the defendant is thus guilty of negligence per se, counsel for the plaintiff cite merely the following Colorado cases: *Denver, etc., R. R. v. Ryan*, 17 Colo. 98, 28 Pac. 79; *Platte, etc., C. & M. Co. v. Dowell*, 17 Colo. 376, 30 Pac. 68; *Richardson v. El Paso Co.*, 51 Colo. 440, 118 Pac. 982; *Phillips v. Denver City Tram. Co.*, 53 Colo. 458, 128 Pac. 460; *Denver City Tram. Co. v. Orbach*, 64 Colo. 511, 172 Pac. 1063; *Oliver v. Weaver*, 72 Colo. 540, 212 Pac. 978; *Campion v. Eakle*, 79 Colo. 320, 246 Pac. 280.

The only Colorado cases relied upon by counsel as authorities on the attractive-nuisance theory are: *Denver City Tram. Co. v. Nicholas*, 35 Colo. 462, 84 Pac. 813; *Lovejoy v. Denver Co.*, 59 Colo. 222, 146 Pac. 263; *Hayko v. Colo. & Utah Coal Co.*, 77 Colo. 143, 235 Pac. 373; *Smith v. Windsor R. & C. Co.*, 78 Colo. 169, 240 Pac. 332; *Windsor R. & C. Co. v. Smith*, 82 Colo. 497, 261 Pac. 872.

■ 1. None of the first group of citations is decisive of the case at bar. The mere fact that one does a thing prohibited by statute or ordinance does not render the doer liable for harm.

The American Law Institute, in its restatement of the law of torts involving negligence, draws the necessary distinctions and lays down the following proposition:

"The violation of a legislative enactment by doing a

prohibited act, or by failing to do a required act, makes the actor liable for an invasion of an interest of another if:

(a) the intent of the enactment is exclusively or in part to protect an interest of the other as an individual; and

(b) the interest invaded is one which the enactment is intended to protect; and,

(c) where the enactment is intended to protect an interest from a particular hazard, the invasion of the interests results from that hazard; and,

(d) the violation is a legal cause of the invasion, and the other has not so conducted himself as to disable himself from maintaining an action." Restatement, Torts [Volume 2, Negligence], §286 [page 752].

That proposition, according to our view, is accurate and sound.

Comment "*c*" (ibid. [page 753]), dealing with the interpretation of statutes, is significant: "If the statute or ordinance is one which makes an act or a failure to act a criminal offense but which makes no provision for civil liability, a particular act or omission does not create civil liability unless it is of such a character or done under such circumstances as to make it criminally punishable. If a criminal statute or ordinance which prohibits a particular act is construed to permit such an act to be done under certain conditions without criminal responsibility, such an act may be done under the same conditions without creating civil liability under the statute or ordinance." (See also sections 287, 288, et seq.). We decided many years ago that the ordinary penalty prescribed in a municipal ordinance, as in the provision now under discussion, is not by way of criminal punishment but solely as a basis of recovery by the municipality on a civil claim. *City of Greeley v. Hamman,* 12 Colo. 94, 20 Pac. 1.

Comment "*e*" (ibid. [page 755]), succinctly states the law relative to the situation before us: "A statute or ordinance may, because of its title, preamble,

history or otherwise, be construed as intended to protect only the interests of a particular class of individuals. If so, a violation of the enactment can make the actor liable only to a person of that class." See also Illustration 1 [page 755], 3 [page 756], 4 and 5 [page 757].

 Here the municipal provision invoked is manifestly a regulation to prevent the destruction of property by fire. That this is the real purpose is indicated by the fact that the provision is incorporated as section 804 in chapter XXXV of the Denver Municipal Code of 1927 entitled "Fire Department," in article VI thereof, the subtitle of which is "Prevention of Fires."

In the light of the foregoing, it is readily perceived that section 804's restriction of hours for burning rubbish is a mere regulation, the better to enable the fire department to cope with fires which fall to the lot of every populous city. It is doubtless good legislative policy to conserve, as it seems to have been the purpose here to conserve, the efficiency of the fire department at its maximum by endeavoring to limit bonfires to a specified period of the day, so as to minimize the danger of being called upon at every hour of the day and night to control the spread of fires due to the kindling of bonfires within the municipal limits. The absence, in the provision, of any hint of civil liability (Restatement above cited §286, *b* [page 753]) is noteworthy. The ordinance, in our opinion, does not contemplate a civil liability for injuries such as those sustained by the plaintiff.

 2. As for the attractive-nuisance contention, this case does not fall within the class of cases relying upon that element. The burning of rubbish is not in itself a forbidden thing; in fact, it is expressly permitted by the ordinance during certain specified hours. It would be strange indeed if we should say that between 4:00 and 8:30 p. m. a rubbish fire is not an attractive nuisance, but at all other hours it is. Especially is this true when we consider the means used by this defendant in burning his rubbish, for it is clear that the contrivance was, if

anything, a signal improvement over a burning without it. But it is obvious that in the present case, under the evidence before us, the injured boy was not attracted by anything heretofore deemed by this court to be such a nuisance. Neither his own testimony nor any other in the record brings the case at bar within the attractive-nuisance principle. The rubbish-burning device was on the defendant's premises. As said by Mr. Justice Denison in *Hayko v. Colo. & Utah Coal Co.*, 77 Colo. 143, 146, 235 Pac. 373, 374: "It will not do to say that every attractive thing is sufficient to charge a defendant with negligence in enticing children to trespass, because there is nothing that can be said not to be attractive to a child. * * * While he owes a duty to one invited, and some attractive agencies may amount to an invitation to a child, yet such an agency must invite to trespass and not merely after trespass, and must be an unusual thing, unusually, extraordinarily attractive * * *." Neither sound reasoning nor the cases cited by the plaintiff would justify our extending the doctrine to the case at bar.

For the reasons stated, the judgment of dismissal entered in the district court must be affirmed.

Judgment affirmed.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE HOLLAND concur.