332

## No. 19,403.

WILLIAM RUSSELL *v.* GUILLERIMO E. ARAGON.

(361 P. [2d] 346)

Decided April 24, 1961.

Messrs. DAWKINS AND BERMAN, for plaintiff in error.

Messrs. SHELDON AND NORDMARK, Mr. RICHARD C. McLEAN, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE HALL.

THE parties are here in reverse order of their appearance in the trial court and will be referred to as they there appeared or by name.

Defendant seeks reversal of a judgment of $981.91 entered on a jury verdict for damages to plaintiff's automobile caused by defendant's alleged negligence.

The facts are not in dispute. About 8:20 P.M., on July 23, 1958, the plaintiff, driving his 1957 Chrysler coupe, in the company of his wife and a friend, arrived at Central City for the purpose of attending the opera. The car, including the brakes, was in good condition.

Due to the crowd in Central City plaintiff found no available parking place in the regular parking lots or streets so he drove onto a street called the County Road and parked his car on the left or wrong side of the street. He applied his brakes tightly enough to prevent the car from rolling backwards down the precipitous street, and as an added precaution put a rock under the right rear wheel. Having thus parked the car, he and his companions repaired to the opera. The car's mechanism is such that having it in gear would not prevent it from rolling down hill.

The street upon which the car was parked is the chief and only practical means of access for fire equipment to get to the area beyond the place where the car was parked, in which houses and property of considerable value are located.

This street is thirteen feet, five inches wide, affording barely enough room for a car and fire truck such as that used by Central City to pass each other.

Ordinance 104 of Central City provides:

"That no vehicle shall be left standing in such a manner as to obstruct any crosswalk, street or alley, except for necessary emergency repairs."

The ordinance also provides that vehicles shall be parked only on the right side of the street in the direction of traffic.

On the night in question, the defendant was the fire chief of Central City and as such had the responsibility of seeing to it that streets were left open so that fire equipment could be sent to all parts of the municipality.

After the plaintiff left his car as above outlined complaint was made to the chief of police that plaintiff's car was blocking access of fire equipment to the property

beyond. The defendant, with the chief of police, went to the place where plaintiff's car was parked and concluded that the car was improperly parked, impeding access of fire equipment, and that it must be moved. The vehicle was not locked and defendant entered it and released the brake with the thought of letting it roll backward down the street under his control to a place where it could be towed and parked some place so as not to obstruct traffic.

Upon release of the brake the car did not move, and he reapplied the brake. He testified that he was not familiar with this model of automobile and consequently did not know whether he applied the brake tightly. Subsequent events show that the brake was not reapplied so as to hold the car from rolling backwards. After applying the brake he went to the rear of the automobile where he discovered the rock which had been placed there by the plaintiff. He removed the rock by hitting it with another rock, whereupon the automobile began rolling backward. The defendant attempted, unsuccessfully, to stop it, but it continued rolling down the hill, collided with a pole, and was damaged to the extent of $981.91.

In addition to the instructions on negligence, contributory negligence, and others usually given in negligence cases, the court instructed the jury that parking an automobile on a public street in such a manner as to block traffic constitutes a nuisance which may be abated summarily by the municipal authorities, and that if the defendant was a city official and the automobile was obstructing the street, the defendant had a right to remove the car in a careful and prudent manner. The court further instructed the jury that if defendant was justified in moving the plaintiff's car, he was under a duty to move it in a non-negligent manner, exercising the care and caution of an ordinarily careful and prudent person under the existing circumstances.

The defendant contends that the trial court erred in

refusing to direct a verdict for the defendant, (1) for the reason that the defendant had a right and privilege to summarily abate a public nuisance and (2) for the further reason that plaintiff's own testimony disclosed he was contributorily negligent. As an additional ground for reversal defendant contends that the verdict was not sustained by the evidence.

■ There is no question that obstructing a street constitutes a nuisance which may be abated summarily by a public officer of a municipality. *City of Denver v. Girard,* 21 Colo. 447, 42 Pac. 662; *Gaskins v. The People,* 84 Colo. 582, 272 Pac. 662.

In the *Gaskins* case it is said:

" * * * Of course, one who abates either a public or private nuisance does so at his peril, and assumes all liability for exceeding his legal right. But if the thing abated is, in fact and in law, a nuisance, he is justified in abating it without resort to a legal proceeding. * * *."

To state that a public official may summarily abate a nuisance does not imply power to act capriciously or unreasonably. He must act with due care in light of all of the surrounding circumstances.

The court properly instructed the jury that though the defendant may have had a right to remove the car, in doing so he had the duty of exercising the care and caution of an ordinarily careful and prudent person.

No Colorado case appears to have decided the precise point presented by the facts present here; however, cases in other jurisdictions have so defined the duties of a person in a situation such as that occupied by the defendant. See *Ottman v. Incorporated Village of Rockville Centre,* 275 N.Y. 270, 9 N.E. (2d) 862; *Rowley v. City of Cedar Rapids,* 212 N.W. 158, 53 A.L.R. 375, 62 C.J.S. 1013.

■ The facts do not make mandatory a finding that the plaintiff was contributorily negligent as a matter of law. In *Dunbar v. Olivieri,* 97 Colo. 381, 50 P. (2d) 64, we held that the mere violation of a city ordinance does

not constitute negligence if the ordinance was not intended to prevent the type of act that occurred and a violation of it was not the proximate cause of the accident. The actions of the plaintiff, even though unlawful and negligent, were not the proximate or even a contributing cause of the damages to his car. Such damages were caused solely by the actions of the defendant in negligently releasing the brake and removing the rock from behind the wheel permitting the car to roll down the hill without control.

The jury verdict is well supported by the evidence and will not be disturbed, hence the judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE DOYLE concur.