No. 19,359.

WALTER MOORE, ET AL. *v.* CHARLES C. FLETCHER.
(363 P. [2d] 1056)

Decided August 14, 1961.

Mr. EUGENE O. BIRD, Mr. EDW. C. HASTINGS, for plaintiffs in error.

Messrs. HAM AND JOHNSON, for defendant in error.

*En Banc.*

MR. JUSTICE MCWILLIAMS delivered the opinion of the Court.

THE parties appear in this Court in the same order as they did in the trial court, where Moore and Hammer were plaintiffs and Fletcher was the defendant.

In a hunting mishap Fletcher shot Moore in the back and Hammer in the head with a .22 caliber rifle. In separate complaints, which were subsequently consolidated for trial, Moore and Hammer sued Fletcher, charging that he "negligently, wantonly, and recklessly" shot each of them and that in hunting wild geese with a .22 caliber rifle he violated C.R.S. '53, 62-12-3; and that as a result of these legal misdeeds each of the plaintiffs suffered severe personal injuries and extensive resultant damage.

By answer Fletcher admitted that he shot each of the two plaintiffs, but denied that in so doing he was negligent. Also, he alleged that at the time of the accident the plaintiffs were trespassing on land leased by him and then in his possession.

Trial was to a jury, but at the conclusion of all the evidence the trial court granted defendant's motion to dismiss, stating as reason therefor that: (1) plaintiffs were trespassers and under such circumstances Fletcher

breached "no duty towards plaintiffs or either of them"; and (2) plaintiffs had failed to show "any actionable negligence" on the part of the defendant.

By writ of error plaintiffs seek reversal of this judgment of dismissal, contending that the evidence was sufficient to carry the case to the jury.

Careful examination of the record convinces us that the trial court was correct in dismissing these claims and in refusing to submit the matter to the jury. However, in order to demonstrate the propriety of this disposition of the case it is deemed necessary to review the evidence in some detail.

Fletcher owned the south half of Section 21, Township 27 South, Range 43 West of the 6th P.M. located some 26 miles south and 6½ miles west of Holly, in Prowers County. In 1956 he leased and farmed the north half of Section 28, which joins Section 21 on the south. On this north half of Section 28 was about 125 acres of maize, which was bounded by an electric fence.

Before daybreak on December 1, 1956, Moore and Hammer, together with one Smelker, approached the field of maize on the north half of Section 28, from the south. They parked their car at the bottom of a ravine about ¼ mile south of where they eventually dug their goose pit. They then carried their gear, including shovels, guns and decoys, into this field of maize and, as they entered, noted, but paid little attention, to the electric fence. None of these three had ever before hunted in this particular area and none had permission from the owner, or his lessee in possession, to enter upon these lands. A goose pit 4' deep, 6' long and 2' wide was quickly dug with the loose dirt being thrown on the ground around the pit. 49 folding doves and decoys were then placed on the ground around the pit. Whereupon Moore, Hammer and Smelker got into their pit and were looking in a generally westerly direction when a few moments later Moore and Hammer were shot by defendant Fletcher.

By this time it was daybreak and Fletcher and his two minor sons had just entered this same field of maize, but from the north. About 220 yards north of the goose pit dug by the plaintiffs was an existing goose pit used by the Fletchers. One of his two sons returned in a northerly direction to the farmhouse and Fletcher and the other son got into their goose pit. Fletcher soon noticed what he thought were geese, but were in fact the plaintiffs' decoys, some 220 yards to the south. He fired a .22 caliber rifle into the center of the flock hoping, he testified, to get them "off the ground" and "to fly." The first shot hit Moore in the back. Thirty seconds later Fletcher fired a second shot into these decoys and hit Hammer in the forehead, he having just turned around when Moore complained about his back. Smelker then ran back to Fletcher's goose pit and apprised him of what had happened.

■ Plaintiffs were undeniably trespassers on lands leased by, and in the possession of, the defendant. The uncontroverted evidence is that defendant did *not* know of their presence on his leased land until after the two shots had been fired. In *Gotch v. K. & B. Packing and Provision Company*, 93 Colo. 276, 25 P. (2d) 719, it was said:

"Trespassers and mere licensees take the premises as they find them. The owner of premises is not under the same obligation to trespassers and licensees as he is to those who are upon the premises by his express or implied invitation. To the latter he owes a duty to have his premises in a reasonably safe condition and to give warning of latent or concealed defects. To the former [trespassers and mere licensees] he owes no such duty, but as to them he is under obligation not wilfully or intentionally to injure them, or, as it is sometimes expressed, not to injure them after becoming aware of their presence. Of course, he must exercise reasonable care *after becoming aware of their presence not to in-*

*jure them by an affirmative act or force set in motion."*
(Emphasis supplied.)

Applying this test, Fletcher breached no duty that he as the lessee in possession owed to the trespassing plaintiffs. However, plaintiffs additionally urge *Krause v. Watson Bros. Transportation Co. Inc.,* 119 Colo. 73, 200 P. (2d) 387, wherein it was said:

"The children were trespassers, but even as to trespassers, we have refused to follow without exception the narrow rule that the only obligation owed to them is to abstain from wilful, wanton or reckless conduct. The owner of premises is liable for injuries resulting from *active negligence to trespassers whose presence is known or, in the exercise of care, ought to be known."* (Emphasis supplied.)

In the instant case Fletcher admittedly did not know of the presence of the plaintiffs on his leased land, and under the circumstances of the case there is nothing to suggest that "in the exercise of [reasonable] care," he could or should have known of their presence. Plaintiffs' car was out of sight and they themselves were "dug in" in a 4' deep goose pit some 220 yards from where Fletcher himself was "dug in." Plaintiffs offer no reasonable hypothesis as to just how or why defendant should have known of, or anticipated, their presence on his leased land. Therefore, having neither actual nor constructive notice of the presence of plaintiffs on the land, defendant under the facts and circumstances of the case is not liable to respond in damages to these plaintiffs, even assuming that his use of a .22 caliber rifle at the time and under the circumstances disclosed was in violation of C.R.S. '53, 62-12-3.

In this latter regard, plaintiffs do not urge that the acts of defendant were negligent in that they fell below the standard of the reasonably prudent person acting under the same or similar circumstances, but only contend that in violating C.R.S. '53, 62-12-3, defendant was negligent, per se.

This statute provides, inter alia:

"It shall be unlawful for any person to hunt or kill any migratory waterfowl with a rifle or pistol, or to scare or to frighten such fowl off any stream, pond, lake or other body of water by use of such weapon. Any person violating any of the provisions of this section shall be deemed guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than ten dollars nor more than one hundred dollars, or by imprisonment in the county jail not less than ten days nor more than thirty days, or by both such fine and imprisonment in the discretion of the court; and in all cases of conviction the offender shall pay the cost of prosecution."

■ It is plaintiff's contention that inasmuch as defendant was hunting migratory waterfowl with a rifle he was negligent, per se. A most casual reading of C.R.S. '53, 62-12-3, clearly indicates that the purpose and intent of this particular statute is to protect migratory waterfowl and not those who seek to kill them. Accordingly, violation of this particular statute does not of itself establish negligence nor responsibility on Fletcher. In *Dunbar v. Olivieri,* 97 Colo. 381, 50 P. (2d) 64, it was said:

"The mere fact that one does a thing prohibited by statute or ordinance does not render the doer liable for harm * * *. A statute or ordinance may, because of its title, preamble, history or otherwise, be construed as intended to protect only the interests of a particular class of individuals. *If so, a violation of the enactment can make the actor liable only to a person of that class.*" (Emphasis supplied.)

Plaintiffs do not even contend that the purpose of C.R.S. '53, 62-12-3, either in whole or in part, was to protect them, or a class of persons of which they are members, its obvious purpose being to protect migratory waterfowl. Such being the case, violation of the statute does not constitute negligence, per se, nor does it fasten liability to these plaintiffs upon Fletcher. See also in

this regard, *Hertz Driv-Ur-Self System, Inc. v. Hendrickson,* 109 Colo. 1, 121 P. (2d) 483.

The judgment is affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE FRANTZ not participating.