474 P.2d 185 (1970)
Nina Vernice HAMILTON, Plaintiff-in-Error,
v.
Frances Ann GRAVINSKY, also known as Frances Ann Gravinsky Schnorr, and Dorcas E. Gravinsky, Defendants-in-Error.
No. 70-247. (Supreme Court No. 23620.)
Colorado Court of Appeals, Div. I.
July 28, 1970.
Rehearing Denied August 18, 1970.
Certiorari Granted September 17, 1970.
Certiorari Granted October 22, 1970.
*186 John S. Carroll, Denver, for plaintiff-in-error.
White & Steele, R. Eric Peterson, Denver, for defendants-in-error.
Selected for Official Publication.
DWYER, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
The parties are in the same order here as they appeared in the trial court and will be referred to as plaintiff and defendants or by name.
This is an action for damages for injuries sustained in an automobile accident, in which a car driven by the plaintiff, Hamilton, collided with a car owned by the defendant, Gravinsky, and driven by defendant, Schnorr.
The accident occurred at the intersection of West 44th Avenue and Newland Street in Jefferson County. At this intersection, West 44th Avenue is a through street and there are stop signs for both north and south bound traffic on Newland Street. At the time of the accident, plaintiff was traveling west on 44th in the north or curb lane. Defendants, who were traveling south on Newland Street, stopped at the stop sign, and then attempted to make a left turn into the east bound lane of West 44th Avenue when plaintiff's car struck the defendants' car.
Immediately prior to and at the time of the accident, a school bus was stopped in the south or curb lane of West 44th Avenue, on the west side of the intersection, facing east. There was a conflict in the evidence as to whether the lights on the bus were flashing and whether or not children were entering or alighting from the bus.
In her complaint, the plaintiff alleged that the defendant driver was negligent in failing to stop for a stop sign and in failing to yield the right of way. The defendants denied negligence, alleged contributory negligence on the part of the plaintiff, and counterclaimed for damages they allegedly sustained.
Trial was to a jury. The parties presented controverted evidence in support of their contentions. At the end of all the evidence, the trial court directed verdict against each party on her respective claim, on grounds that each was negligent per se for having violated C.R.S.1963, 13-5-83(1), governing overtaking and passing of school buses.
Had it not been for the presence of the school bus at the intersection, the case would clearly have presented only the usual issues of negligence, contributory negligence and proximate cause for resolution by the jury. The presence of the school bus did not change these issues and the court erred in directing verdicts on the grounds stated.
The failure to perform a statutory duty, imposed under the police power of the *187 state for the protection of the public, or the violation of an express statute designed for the protection of the public, constitutes negligence; but unless the injury complained of is the proximate result of that negligence and the person injured is a member of the class intended to be protected, such failure to perform or such violation, standing alone, does not constitute actionable negligence. See Moore v. Fletcher, 147 Colo. 407, 363 P.2d 1056; Russell v. Aragon, 146 Colo. 332, 361 P.2d 346; Dunbar v. Olivieri, 97 Colo. 381, 50 P.2d 64.
Thus, in Dunbar v. Olivieri, supra, in which a child was burned in a bonfire on defendant's property at 11:00 A.M., when an ordinance made it unlawful to burn bonfires except between the hours of 4:00 and 8:30 P.M., the court held that the purpose of the ordinance was to prevent the destruction of property by fire and the violation of the ordinance did not constitute negligence per se in the child's action for damages. In so holding, the court approved the following statement of the American Law Institute in Restatement of Torts, Explanatory Notes § 286, comment e at 755 (1934):
"A statute or ordinance may, because of its title, preamble, history or otherwise, be construed as intended to protect only the interests of a particular class of individuals. If so, a violation of the enactment can make the actor liable only to a person of that class."
Similarly, in Moore v. Fletcher, supra, the plaintiffs, while trespassing on defendant's land, were accidentally wounded by rifle shots fired by the defendant who was hunting ducks with a rifle in violation of a statute. The court stated:
"It is plaintiff's contention that inasmuch as defendant was hunting migratory waterfowl with a rifle he was negligent, per se. A most casual reading of C.R.S. '53, 62-12-3, clearly indicates that the purpose and intent of this particular statute is to protect migratory waterfowl and not those who seek to kill them. Accordingly, violation of this particular statute does not of itself establish negligence nor responsibility on Fletcher. In Dunbar v. Olivieri, 97 Colo. 381, 50 P.2d 64, 65, it was said:
"`The mere fact that one does a thing prohibited by statute or ordinance does not render the doer liable for harm * * *.'"
The statute involved in the case at bar, C.R.S.1963, 13-5-83(1), states:
"The driver of a vehicle upon any highway, road or street, upon meeting or overtaking from either direction any school bus which has stopped, shall stop his vehicle before reaching such school bus if there is in operation on said school bus visual signal lights * * *."
None of the parties to this action are within the purview of this statute; for the intent of the enactment was neither exclusively, nor in part, to protect any interest of either of them. Any violation of it did not constitute a breach of any statutory duty owed, either to the violator or to the other party. Its provisions, therefore, are not determinative of any action between them. This conclusion is accepted in other jurisdictions. See, e. g., Johnson v. Hansen, 237 Or. 1, 389 P.2d 330 (aff'd on rehearing), 390 P.2d 611, which involved a similar statute.
The presence of the school bus at the intersection in the instant case was a factor the jury could properly consider when making its determinations on the question of the negligence of the respective parties to this case, under ordinary negligence principles; but its presence, and the existence of the statute regulating it, was not determinative as a matter of law, of the issue of negligence.
Defendants also contend that the writ of error should be dismissed because the motion for a new trial did not comply with R.C.P.Colo. 59(f), in that the grounds stated in the motion were too general to be considered. The motion for a new trial was supported by a "memorandum of law" into which a written "trial memorandum" was *188 incorporated by reference. An examination of these three documents discloses that the precise point considered here was urged in the motion, and that the argument given was supported by authority. In discussing the requirements for a motion for a new trial, the Supreme Court, in Martin v. Opdyke Agency, 156 Colo. 316, 398 P.2d 971, stated:
"A motion for new trial is not to be regarded as a routine or perfunctory matter. Its obvious purpose is to direct the attention of the trial court with at least some degree of specificity to that which the losing litigant asserts to be error, all to the end that the trial court will be afforded a last look, and an intelligent last look, at the controversy still before it."
The motion for new trial and briefs in support thereof directed the court's attention to the error here asserted; and the motion sufficiently complies with R.C.P.Colo. 59(f) for purposes of preservation of plaintiff's right to appellate review.
Accordingly, the judgment is reversed and the cause is remanded for a new trial on all issues.
SILVERSTEIN, C.J., and ENOCH, J., concur.