## No. C-30.

NINA VERNICE HAMILTON *v.* FRANCES ANN GRAVINSKY, ALSO KNOWN AS FRANCES ANN GRAVINSKY SCHNORR, AND DORCAS E. GRAVINSKY.

## No. C-36.

FRANCES ANN GRAVINSKY, ALSO KNOWN AS FRANCES ANN GRAVINSKY SCHNORR AND DORCAS E. GRAVINSKY *v.* NINA VERNICE HAMILTON.

(483 P.2d 385)

Decided April 5, 1971.    Rehearing denied April 26, 1971.

CARROLL & BRADLEY, P.C., JOHN S. CARROLL, for petitioner in C-30 and respondent in C-36.

WHITE and STEELE, R. ERIC PETERSON, for respondents in C-30 and petitioners in C-36.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

PETITION for writ of certiorari was granted to both parties to review the judgment of the Colorado court of appeals in *Hamilton v. Gravinsky,* announced July 28, 1970, and officially published in 28 Colo. App. 408, 474 P.2d 185.

We will refer to the parties as plaintiff-Hamilton and defendant-Gravinsky as they appeared in the trial court.

We granted petition for writ of certiorari to plaintiff-Hamilton on the limited question of whether the opinion in the above entitled case was internally conflicting and whether a paragraph therein — which we hereafter discuss — put in issue on re-trial an immaterial statute as a fact question. On the petition of the defendant Gravinsky we also granted writ of certiorari for the limited

purpose of determining whether the opinion of the court of appeals was in accord with decisions of this court concerning the sufficiency of a motion for a new trial filed by plaintiff-Hamilton.

We hold that the decision of the court of appeals was correct and affirm it with, however, a modification.

The litigation in the trial court arose out of a collision between the automobiles driven by the two parties. A more detailed statement of the facts will be found in *Hamilton v. Gravinsky, supra.* The trial court directed a verdict against plaintiff-Hamilton's claim and also against the counterclaim sought by defendant-Gravinsky. The trial court ruled that each party was negligent *per se* for violation of C.R.S. 1963, 13-5-83(1) governing the overtaking and passing of school buses stopped with red lights flashing.

The court of appeals in reversing the decision of the trial court and ordering a new trial correctly ruled:

"Had it not been for the presence of the school bus at the intersection, the case would clearly have presented only the usual issues of negligence, contributory negligence and proximate cause for resolution by the jury. The presence of the school bus did not change these issues and the court erred in directing verdicts on the grounds stated.
\* \* \*

"The statute involved in the case at bar, C.R.S. 1963, 13-5-83(1), states:

'The driver of a vehicle upon any highway, road or street, upon meeting or overtaking from either direction any school bus which has stopped, shall stop his vehicle before reaching such school bus if there is in operation on said bus visual signal lights \* \* \*'

"None of the parties to this action are within the purview of this statute; for the intent of the enactment was neither exclusively, nor in part, to protect any interest of either of them. Any violation of it did not constitute a breach of any statutory duty owed, either to the violator or to the

other party. Its provisions, therefore, are not determinative of any action between them. This conclusion is accepted in other jurisdictions. See, e.g., *Johnson v. Hansen*, 237 Ore. 1, 389 P.2d 330, (Aff'd on rehearing.) 390 P.2d 611, which involved a similar statute.

"The presence of the school bus at the intersection in the instant case was a factor the jury could properly consider when making its determination on the question of the negligence of the respective parties to this case, under ordinary negligence principles; but its presence, and the existence of the statute regulating it, was not determinative *as a matter of law,* of the issues of negligence."

■ Without the last paragraph of the above quoted ruling of the court of appeals, the law governing re-trial of the action as ordered by the court of appeals was correctly stated. The additional statement with reference to submitting the question of the presence of the school bus as a fact for the jury to consider appears to single out and give undue prominence to that one factor at the intersection instead of stating that all of the circumstances relating to the general traffic and the conduct of the parties could be considered. The paragraph further appears to imply that although the presence of the school bus and "the existence of the statute regulating it was not determinative of the issue of negligence *as a matter of law*" nevertheless it would be determinative of the issue of negligence as a matter of fact. Lest the trial court on re-trial erroneously conclude that an instruction on the school bus statute could be submitted to the jury, we order the paragraph deleted from the opinion.

On the question presented as to whether the motion for new trial sufficiently complies with C.R.C.P. 59 (f) for the purpose of preservation of plaintiff-Hamilton's right to appellate review, we hold that the court of appeals correctly cited the law from *Martin v. Opdyke Agency,* 156 Colo. 316, 398 P.2d 971 (1965).

We order the opinion modified by deleting therefrom

the quoted paragraph discussed above and the judgment as modified is affirmed.