577 P.2d 322 (1978)
Cynthia CATRON, Plaintiff-Appellee,
v.
Richard E. CATRON and LaVerne Catron, Defendants-Appellants.
No. 77-100.
Colorado Court of Appeals, Div. I.
March 23, 1978.
*323 Alperstein, Plaut & Snead, P.C., Frank Plaut, Ronald C. Forman, Lakewood, for plaintiff-appellee.
Steven Henry DeVito, Denver, for defendants-appellants.
ENOCH, Judge.
Defendant, Richard E. Catron, was found in contempt of court for violating final orders entered in connection with a decree of divorce. The trial court sentenced him to 30 days in jail, and ordered him to pay his former wife $1,900 in attorneys' fees incurred in connection with the contempt citation. Defendant appeals. We affirm.
Richard and Cynthia Catron were divorced in 1970. The final orders which were entered in connection with that divorce specified, among other things, that Richard should: 1) provide health insurance for the couple's two minor children; 2) pay all the children's medical expenses not covered by the health insurance; 3) pay $125 per month per child in support; and 4) as part of the overall property settlement, execute a $20,000 promissory note payable to Cynthia in monthly installments of $300.
In November of 1975, Cynthia moved for the issuance of a contempt citation against Richard, alleging that he was not complying with these and other provisions of the final orders. Richard immediately moved for a modification of his child support obligations. Nothing in the record indicates that this motion for modification was ever ruled on.
After a series of resettings, Cynthia's motion for contempt was heard in April of 1976. In the meantime, Richard's attorney withdrew, and Richard appeared at the April contempt hearing without counsel. His motion for a continuance was denied, and the court found him in contempt for violating each of the four provisions of the final orders mentioned above. He was sentenced to 30 days in jail, but that sentence was suspended for 45 days so he could have an opportunity to purge himself of the contempt.
At a later hearing, the court found that Richard had not purged himself, and ordered him to serve the sentence. The court also ordered Richard to pay $1,900 on Cynthia's attorneys' fees.

Motion For New Trial
Cynthia argues that the allegations of error contained in Richard's motion for a new trial are so general that the motion does not comply with C.R.C.P. 59(f), and that the matters Richard urges here are therefore not reviewable. We disagree. Richard's motion for new trial, when taken together with his detailed memorandum brief in support of the motion, was sufficient to apprise the trial court of his arguments. See Hamilton v. Gravinsky, 28 Colo.App. 408, 474 P.2d 185, aff'd, 174 Colo. 206, 483 P.2d 385.
Our review of the record also discloses that, contrary to Cynthia's allegations, Richard's motion for a new trial and notice of appeal were timely filed. C.R.C.P. 59(b); C.A.R. 3.

Contempt
Though Richard has served the sentence imposed, the contempt issue is not moot, as contended by Cynthia, because, under these circumstances, the finding of contempt is a prerequisite to the awarding *324 of attorneys' fees. See C.R.C.P. 107(d); Eatchel v. Lamphere, 170 Colo. 545, 463 P.2d 457.
Richard argues that the finding of contempt was procedurally defective because the court erred in denying his motion for a continuance, forcing him to proceed with the hearing on contempt without the benefit of counsel. We disagree. Whether a motion for continuance should be granted is within the discretion of the trial court. People v. Holcomb, 187 Colo. 371, 532 P.2d 45; People v. Trujillo, Colo.App., 576 P.2d 179 (announced November 3, 1977, No. 76-542). We find no abuse of discretion here, particularly since almost three months elapsed between the time Richard's attorney withdrew and the April contempt hearing.
Richard contends that the evidence is insufficient to support the findings of default upon which the court based the contempt. We do not agree. The record clearly supports the trial court's finding that Richard failed to pay the required child support, and this alone would be sufficient to support the finding of contempt. Therefore, we need not address the issues of the medical bills and the promissory note.
We agree with Richard that the contempt involved here is remedial in nature, and that the trial court must make a finding of present ability to pay before he can be held in contempt. Wright v. District Court, Colo., 561 P.2d 15; Marshall v. Marshall, 35 Colo.App. 442, 536 P.2d 845, aff'd as to the issues involved here, Colo., 551 P.2d 709. However, such finding was implicit in the trial court's rulings. Richard was given a full opportunity to present evidence of his economic decline, and considerable evidence on this question was presented. The trial court found, and Richard admitted, that no child support payments had been made after November of 1974. In connection with this finding, the trial court further specifically found, on supporting evidence, that Richard had "resources from outside sources . . . [a portion of which] could have been diverted to the support of [the] child . . . ." Under the circumstances, we hold that these findings were sufficient under Wright and Marshall, as a finding of Richard's present ability to pay.
Richard also urges that the contempt citation was an abuse of discretion in light of the trial court's failure to hear his motion for modification, which, at the time of the contempt hearing, had been pending for some four months. It would have been better practice for the trial court to dispose of Richard's motion for modification before considering Cynthia's motion for the issuance of a contempt citation. However, we do not view the trial court's action as an abuse of discretion, particularly since all of the issues raised by the motion to modify that were pertinent to the contempt proceeding were fully considered. Furthermore, there was evidence that he was in default on his obligations before the filing of his motion for modification, and thus, he was not prejudiced in the contempt hearing by the lack of ruling on his motion. The court should, however, act on the motion.

Attorneys' Fees
Richard contends that the trial court erred in basing its award of attorneys' fees arising out of the contempt proceeding on grounds other than the economic disparity of the parties. We disagree.
Section 14-10-119, C.R.S.1973, controls the award of attorneys' fees in a domestic relations case except in contempt proceedings. In all contempt proceedings, C.R.C.P. 107(d) controls exclusively as to the award of attorneys' fees which are a result of the contempt proceeding. C.R.C.P. 107(d) states in part:
"The court shall hear the evidence for and against the person charged and it may find him guilty of contempt and by order prescribe the punishment therefor. A fine may be imposed not exceeding the damages suffered by the contempt, plus costs of the contempt proceedings, reasonable attorney's fees in connection with the contempt proceeding, payable to the person damaged thereby."
The court followed both the spirit and the letter of the Rule, and we find no abuse of *325 discretion in its assessing attorneys' fees against Richard under the facts in this case.
The judgment is affirmed. However, the cause is remanded with directions to the trial court promptly to consider and rule on the motion for modification if requested by defendant.
COYTE, J., concurs.
PIERCE, J., concurs in part and dissents in part.
PIERCE, Judge, dissenting in part:
I concur with the majority opinion as to all issues except that of attorney's fees. I agree that C.R.C.P. 107(d) is the applicable rule to be applied to this case. However, it is my view that Peercy v. Peercy, 154 Colo. 575, 392 P.2d 609 (1964), and its progeny are controlling here and mandate a reversal as to the award of attorney's fees to Cynthia, since there is no evidence that she was in an economically inferior position to Richard.