595 P.2d 1055 (1979)
In the Matter of the ESTATE of Lewis H. LEWIN, Deceased.
Emilie Orban LEWIN, Petitioner-Appellee and Cross-Appellant,
v.
The FIRST NATIONAL BANK OF DENVER, Personal Representative of the Estate of Lewis H. Lewin, Deceased, Respondent-Appellant and Cross-Appellee.
No. 78-154.
Colorado Court of Appeals, Division II.
January 25, 1979.
Rehearing Denied February 22, 1979.
Certiorari Denied June 4, 1979.
*1056 Mason, Reuler & Peek, P. C., Maurice Reuler, Rosanne M. Hall, Denver, for petitioner-appellee and cross-appellant.
Holme, Roberts & Owen, Peter H. Holme, Jr., William S. Huff, Martha T. Collins, Denver, for respondent-appellant and cross-appellee.
ENOCH, Judge.
Respondent, personal representative of the estate of Lewis Lewin, appeals from a judgment invalidating a post-nuptial agreement and allowing petitioner, wife of the decedent, to take an elective share of the estate contrary to the terms of the agreement. We reverse and remand.
Petitioner and Lewin were married in 1972 when petitioner was 70 and Lewin was 87. Each had issue by a prior marriage. Petitioner, a woman of artistic talent, had immigrated to the United States with her first husband in 1938. She learned to speak English and worked as an interior designer and art teacher in Chicago and Colorado Springs. When her first husband died, petitioner obtained legal counsel and successfully collected the spouse's elective share against his will.
Prior to the remarriage, petitioner supported herself on a modest wage earned by continuing her artistic endeavors. She met Lewin through social activities at a time when his health was deteriorating. He was suffering from Parkinson's disease, and before their marriage he had spent several months in a nursing home.
Lewin, a successful businessman, had acquired a considerable estate before he met and married petitioner. Prior to their marriage, Lewin consulted an attorney regarding a pre-nuptial agreement. Although the *1057 papers were drawn up, they were never signed. Two months after the marriage he again consulted an attorney, this time with regard to a property settlement in the event of divorce or separation. He advised petitioner to employ her own attorney, which she did. Finally Lewin decided to have a post-nuptial agreement drawn up, wherein he and petitioner agreed to waive the surviving spouse's elective share of the property in the event of the death of either, and Lewin agreed to give petitioner $40,000 in cash immediately. Petitioner did not consult her attorney regarding the agreement but both parties signed it in the presence of Lewin's attorney.
Lewin died three years later, and petitioner filed for an elective share of the estate, urging that the agreement was invalid because she was not represented by an attorney and because there was no full disclosure of assets by Lewin. The probate court stated that "the wife was entitled to independent advice from an independent counsel and that should have been insisted upon after supplying a list of the holdings and assets of the husband's estate." Accordingly, the court found the agreement was invalid and permitted petitioner to take an elective share against the will. The court also held that the $40,000 which petitioner had already received was not a gift, as she had maintained during the trial, but was an advancement because Lewin had intended the payment to be consideration for the agreement.
Respondent argues that the findings of the probate court are insufficient for this court to ascertain whether the correct law was applied. Respondent also urges that the findings are not supported by substantial evidence. We agree that they were insufficient, and therefore reverse the judgment. Because the probate judge is now deceased, this cause must be remanded for a new trial.
When a matter is tried to the court without a jury, the court is under a duty to make findings of fact and to state conclusions of law separately. C.R.C.P. 52(a). Even though a court has made findings, they must be sufficiently clear to indicate on appeal the basis of the court's decision. See Murray v. Rock, 147 Colo. 561, 364 P.2d 393 (1969); Mowry v. Jackson, 140 Colo. 197, 343 P.2d 833 (1959). Here, the court found that petitioner should have been supplied with a list of Lewin's assets and that Lewin should have insisted that she retain independent counsel. It is unclear from the court's findings, however, whether the court relied solely on those two factors to invalidate the agreement. If so, such a conclusion would be contrary to the law.
Nuptial agreements, whether executed before or after the marriage, are enforceable in Colorado. Remington v. Remington, 69 Colo. 206, 193 P. 550 (1920); § 15-11-204, C.R.S.1973. A nuptial agreement will be upheld unless the person attacking it proves fraud, concealment, or failure to disclose material information. In re Estate of Stever, 155 Colo. 1, 392 P.2d 286 (1964); Linker v. Linker, 28 Colo.App. 131, 470 P.2d 921 (1970). The burden of proof does not shift to the estate even if the amount received by the surviving spouse under the nuptial agreement is disproportionate to the value of the decedent's estate. In re Estate of Abbott, Colo.App., 571 P.2d 311 (1974). Thus, in order for petitioner to prevail here, she must prove by a preponderance of the evidence that she was induced to sign as a result of fraud, concealment, or failure to disclose.
The trial court's findings, which are supported by the record, indicate that Lewin and his attorney made an effort to disclose to petitioner that by signing the agreement she would relinquish her share of a substantial estate and that she should seek outside counsel. And petitioner was satisfied with the legal representation she received from Lewin's attorney. There is no finding that Lewin failed to disclose that his estate was substantial or that petitioner was prevented from retaining outside counsel. Although the trial court found that "the execution of the document was in an atmosphere where she could be intimidated," there is no finding that she was in fact intimidated.
*1058 We find no authority, and none has been cited to us, in support of petitioner's contention that a spouse must be supplied with a detailed list of assets in order for a nuptial agreement to be upheld. To the contrary, such agreements have been held to be valid if the agreement "contemplates a fair and reasonable provision therein for the wife, or, absent such provision, a full and frank disclosure to the wife, before the signing of the agreement, of the husband's worth, or, absent such disclosure, a general and approximate knowledge by her of the prospective husband's property." Del Vecchio v. Del Vecchio, 143 So.2d 17 (1962). See also In re Estate of Stever, supra. Thus it would be error for the court to invalidate an agreement merely because a petitioner was not given a list of assets.
Similarly, the fact that petitioner did not retain independent counsel before signing the agreement is not fatal to its validity. See Moats v. Moats, 168 Colo. 120, 450 P.2d 64 (1969). See also In re Estate of Broadie, 208 Kan. 621, 493 P.2d 289 (1972). The primary inquiry is whether the parties entered into the agreement with full knowledge of its consequences. Linker v. Linker, supra. Here there is evidence that petitioner refused the assistance of counsel. Therefore it would be error to invalidate the agreement on the basis that Lewin did not "insist" that petitioner retain counsel, unless the failure to insist amounted to fraud, concealment, or a failure to disclose.
We find no merit in petitioner's argument that we are precluded from reviewing the form of the findings or the burden of proof issue on the ground that respondent did not raise those issues in his motion for new trial with sufficient specificity. The motion and supporting brief, when considered together, were sufficient to apprise the trial court of respondent's contentions. Hamilton v. Gravinsky, 28 Colo.App. 408, 474 P.2d 185 (1970), modified on other grounds, 174 Colo. 206, 483 P.2d 385 (1971).
Inasmuch as we are reversing the entire judgment, we do not consider the issues raised by petitioner on cross-appeal as they will need to be reconsidered if relevant at the new trial.
The judgment is reversed and the cause is remanded for new trial on all issues.
KELLY and STERNBERG, JJ., concur.