**In re the Marriage of: Merry Lynn BERNARDONI, n/k/a Merry Lynn Alverson, Appellee,**

**and**

**Frank Erio Bernardoni, Appellant.**

No. 85CA1379.

Colorado Court of Appeals,
Div. I.

Nov. 20, 1986.

No appearance for appellee.

Feder, Morris & Tamblyn, P.C., Denise K. Mills, Denver, for appellant.

TURSI, Judge.

Frank Erio Bernardoni, the father and custodial parent of the parties' children, appeals the trial court's judgment finding him in contempt for violating its child custody order concerning visitation by the children's mother, Merry Lynn Alverson, the sentence imposed on the finding, and the award of attorney fees to the mother. We vacate a portion of the judgment and affirm it in all other respects.

The mother was employed as a flight attendant for United Airlines. Pursuant to the decree of dissolution, she was entitled to visitation with the children on the first, third, and fifth weekends of each month. Because her work schedule was irregular, she moved for modification of the visitation order to accommodate monthly changes in her work hours.

The court held a hearing and orally announced its decision on January 18, 1985, but requested a written order to be prepared. Some questions arose with respect to the definition of "weekday," and the final order was not entered until March 6, 1985, *nunc pro tunc* January 18.

The order provided that the mother would be entitled to four weekend days of visitation in a month with four weekends, six weekend days of visitation in a month with five weekends, and one weekday visitation every other week. She was entitled to choose the days for weekend visitation in an upcoming month by notifying the father by the 25th of the preceding month, or two days after she was notified of her flight schedule, whichever was earlier. If she failed to notify the father or failed to exercise scheduled visitation, except because of illness or employment problems beyond her control, she was to forfeit visitation for the rest of that month.

In July, the mother filed a motion for a contempt citation accompanied by an affidavit alleging that on six occasions the father had denied visitation in violation of the court order. The motion further alleged that the father had imposed conditions to the visitations that were not within the court order.

The evidence at the contempt hearing established that the mother had been permitted visitation the first weekend in February 1985 but the father had denied her visitation thereafter in February, ostensibly because the order was not yet signed.

Further, the evidence showed that, on several occasions, the father had required the mother to pick the children up by 7:30 a.m. for weekend visitation even though no such requirement appeared in the court order. The father testified that he was concerned about leaving them at home alone to await the mother's arrival. However, the evidence established that the children were fourteen and sixteen years old and often babysat for father's younger children. When the mother did not pick up the children by 7:30 a.m. one Saturday in mid-March, the father denied weekend visitation for the remainder of the month.

In mid-May, the mother was laid off from her employment because of a pilot's strike. On May 20, she notified the father that her June work schedule would be delayed until May 26 because of the strike and she would request visitation for June at that time. The father allowed her to visit the children pursuant to the submitted schedule on the first weekend in June but denied her visitation for the rest of the month.

The trial court found the father in contempt and ordered a punitive sanction of ten days in jail. However, it suspended the sentence on the condition that there be no further violation of the visitation order. Additionally, the court ordered that, if the father further violated the order, the mother should file an affidavit reciting the violation, the father would have two days to respond by affidavit, and then the court, without a hearing, would determine whether to revoke the suspension. The court also reprimanded the father for his attitude and the rigidity with which he had applied the terms of the court's order.

## I

On appeal, the father first contends that the court erred by finding him in contempt. He claims there is no evidence that he violated the order, but rather the evidence showed only that he rigidly followed its terms. His contention is without merit.

We need not decide whether a court can find a person in contempt when he has been overly rigid in his adherence to the terms of the court's order because, here, the court did not rely solely on that conduct in finding the father in contempt. Although the court specifically reprimanded the father for denying visitation in June, it also based its finding of contempt on the other incidents set forth in the motion for the citation.

Furthermore, the court found that the father was aware of his duty to perform from the time its order was entered in open court. Even though the written order was entered *nunc pro tunc*, the portions of it which were violated by the father in February were clearly communicated to the father in open court, were never in dispute, and were unchanged by the written order. Therefore, we conclude that the trial court did not abuse its discretion when it found the father in contempt based on his actions in February. *DeMott v. Smith*, 29 Colo. App. 531, 486 P.2d 451 (1971).

## II

The father also contends that the trial court erred by specifying that it would revoke the suspended sentence without a hearing should he again violate the terms of the visitation order. We agree.

The condition imposed in this case requires the father not to violate the same court order again. Therefore, the trial court essentially has to find the father in contempt to revoke the suspension. *See* C.R.C.P. 107(a). And, in light of the order at issue, the judge would not personally observe the contemptuous behavior; therefore, a hearing is necessary to find the facts. C.R.C.P. 107(c); *See People v. Lucero*, 196 Colo. 276, 584 P.2d 1208 (1978).

Furthermore, we note that due process requires a hearing before final revocation of parole. *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Also, a hearing is required to revoke a deferred sentence, probation, or parole. Sections 16–7–403(2), 16–11–206, and 17–2–103(9), C.R.S. (1986 Repl.Vol.8A). Therefore, we hold that a hearing is required to revoke father's suspended contempt sentence.

## III

Finally, the father contends that the award of attorney fees to the mother cannot stand because the trial court failed to make a finding that the award of attorney fees was reasonable as required by C.R.C.P. 107(d). We disagree.

C.R.C.P. 107(d) provides the trial court may include reasonable attorney fees as one element of the fine it imposes on the contemnor. Unlike § 13–17–103, C.R.S. (1986 Cum.Supp.), which requires the trial court set forth the reasons for the award of attorney fees in frivolous actions, C.R.C.P. 107(d) does not require the trial court to make specific findings.

Here, the attorney for the mother submitted an affidavit which showed that $740 in attorney fees was incurred in connection with the contempt proceeding. The trial court fined the father $500 in attorney fees. Under such circumstances, the trial court, having the affidavit in front of it and having conducted the hearing, implicitly found the award of attorney fees to be reasonable. *See Catron v. Catron*, 40 Colo.App. 476, 577 P.2d 322 (1978).

That portion of the sentence relating to the revocation of the suspended sentence without a hearing is vacated. In all other respects, the judgment of contempt, sentence, and fine are affirmed, and the cause is remanded to the trial court for entry of an amended order.

PIERCE and METZGER, JJ., concur.